**ORIGINAL**

# In the United States Court of Federal Claims

Pro Se
No. 15-1382C
(Filed: May 9, 2016 | Not For Publication)

**FILED**
MAY - 9 2016
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| IRA LEE JACKSON, ) | Keywords: Pro Se; Subject Matter |
| Plaintiff, ) | Jurisdiction; Motion to Dismiss; Tort; |
| ) | Military Retirement; 10 U.S.C. § 1201. |
| v. ) |  |
| THE UNITED STATES OF AMERICA, ) |  |
| Defendant. ) |  |

*Ira Lee Jackson*, Newburgh, NY, Plaintiff, *pro se*.

*Kara M. Westercamp*, Trial Attorney, with whom were, *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Steven J. Gillingham*, Assistant Director, Civil Division, United States Department of Justice, Washington, DC, for Defendant. *Major Angela D. Swilley*, Litigation Attorney, U.S. Army Legal Services Agency, Fort Belvior, VA, Of Counsel.

**OPINION AND ORDER**[1]

The pro se plaintiff in this action, Ira Lee Jackson, enlisted in the New York Army National Guard on April 12, 1984, for a period of six years. Def.'s Mot. to Dismiss and Appendix (Def.'s Mot.) at A1–A2, ECF No. 8. On June 4, 1984, Mr. Jackson reported for active duty training. Id. at A3. He was then released from duty on September 15, 1984, pursuant to Army Regulation 635-200, ¶ 16-9. Id. Thereafter, on December 1, 1989, Mr. Jackson was discharged from the New York National Guard and Army Reserve pursuant to National Guard Regulation 600-200 and Section 94, Military Law, State of New York, with an "Under Honorable Conditions" characterization of service. Id. at A1–A2.[2]

---

[1] The facts set forth in this Opinion are drawn from the allegations in Mr. Jackson's complaint, which the Court accepts as true for purposes of ruling on the government's motion to dismiss, from the documents appended to his complaint, which the Court assumes are authentic, and from the appendix to the government's motion to dismiss.

[2] Section 94 provides that "when an enlisted person of the organized militia absents himself without leave and there is reason to believe that he does not intend to return, he may be dropped

Mr. Jackson filed the present action on November 16, 2015. Although the allegations in his complaint are difficult to follow, it appears that he is challenging the lawfulness of his 1984 discharge on a variety of grounds, including discrimination and retaliation. It also appears that he is requesting a military disability retirement and seeking a correction of his military records. Mr. Jackson's complaint also includes a claim for punitive damages based on defamation of character, libel, and slander. In addition, he alleges breach of contract by the Army as well as unspecified violations of 42 U.S.C. § 1983. See Compl., ECF No. 1.

The government has filed a motion to dismiss Mr. Jackson's complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC). For the reasons set forth below, the government's motion to dismiss is **GRANTED**.[3]

## DISCUSSION

In ruling on a motion to dismiss, the Court assumes that all factual allegations are true and construes all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)). In considering a motion to dismiss for lack of subject matter jurisdiction, the court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

Pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act thus waives the sovereign immunity of the United States to allow a suit for money damages. United States v. Mitchell, 463 U.S. 206, 212 (1983). However, the Tucker Act does not confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff cannot invoke the

---

from the rolls, under such regulations as may be prescribed pursuant to this chapter." N.Y. Mil. L. § 94.

[3] Mr. Jackson filed a request to proceed in forma pauperis. To proceed in forma pauperis, a plaintiff must submit an affidavit that includes a list of all of his assets, a declaration that he is unable to pay the fees or give the security for an attorney, and a statement of the nature of his action and his belief that he is entitled to judgment. 28 U.S.C. § 1915(a)(1). Here, Plaintiff satisfied these requirements, and the Court therefore **GRANTS** his application to proceed in forma pauperis for the limited purpose of dismissing the complaint.

court's Tucker Act jurisdiction unless he or she can identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008); see also Golden Pacific Bancorp v. United States, 15 F.3d 1066, 1076 (Fed. Cir. 1994).

Mr. Jackson's claims for punitive damages based on defamation of character, libel, and slander are beyond this Court's jurisdiction because they sound in tort, Rick's Mushroom Service v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008), and because this Court lacks jurisdiction to award punitive damages, Garner v. United States, 230 Ct. Cl. 941, 943 (1982). Similarly, this Court lacks jurisdiction to hear claims arising under 42 U.S.C. § 1983 as jurisdiction over claims under the civil rights acts is vested exclusively in the federal district courts. See Gibson v. United States, 121 Fed. Cl. 215, 217 (2015).

Further, to the extent that Mr. Jackson alleges a breach of contract in connection with his discharge, it is well settled that "statutes are the exclusive source of law governing the compensation rights of members of the military." Schism v. United States, 316 F.3d 1259, 1272 (Fed. Cir. 2002) (en banc); accord Bell v. United States, 366 U.S. 393, 401 (1961) ("A soldier's entitlement to pay is dependent upon statutory right."). Thus, "common-law rules governing private contracts have no place in the area of military pay." Bell, 366 U.S. at 401. Therefore, this Court lacks jurisdiction over Mr. Jackson's breach of contract claims.

On the other hand, the Military Pay Act, 37 U.S.C. § 204, "provides for suit in [the Court of Federal Claims] when the military, in violation of the Constitution, a statute, or a regulation, has denied military pay." Antonellis v. United States, 723 F.3d 1328, 1331 (Fed. Cir. 2013) (quoting Dysart v. United States, 369 F.3d 1303, 1315 (Fed. Cir. 2004)). But the Court's Tucker Act jurisdiction to hear a claim by Mr. Jackson under the Military Pay Act is subject to the six year statute of limitations set forth in 28 U.S.C. § 2501. Section 2501 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

A claim for unlawful discharge from the armed services first accrues when the member is discharged from active duty status. Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc); id. at 1310. Here, Mr. Jackson's discharge from the Army occurred in 1984. This Court, accordingly, lacks jurisdiction to consider his claim for back pay based on unlawful discharge.

The Court also lacks jurisdiction to correct Mr. Jackson's military records. The Court of Federal Claims may order the correction of military records if it is "incident of and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2). But this Court cannot "grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998). Here, because the Court lacks jurisdiction over Mr. Jackson's claim for back pay resulting from an unlawful discharge, it cannot independently order the correction of his military records.

Finally, to the extent that Mr. Jackson's complaint could be construed as including a claim for disability retirement pay under 10 U.S.C. § 1201, such claims "do not accrue until the

3

appropriate board either finally denies such a claim or refuses to hear it." Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990); see also Chambers v. United States, 417 F.3d 1218, 1227 (Fed. Cir. 2005). Mr. Jackson has not exhausted his administrative remedies with regard to a claim for disability retirement. Therefore, this Court lacks jurisdiction to hear it.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the government's motion to dismiss, and **DISMISSES** Plaintiff's complaint for lack of jurisdiction, without prejudice. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge